IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jason Fernandes & Lauren Fernandes, Myk & Cindy Barbero, Keith & Janet Patri, individually, and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>D.R. Horton, Inc., Archer Exteriors, Inc., Professional Exteriors II, LLC, and John Does 1-50,<br><br>      Defendants. | Case No.: 2:24-cv-03928-DCN<br><br><br><br><br><br><br><br><br>**DEFENDANT D.R. HORTON'S ANSWER AND CROSSCLAIMS** |
| D.R. Horton, Inc.,<br><br>      Crossclaim Plaintiff,<br><br>v.<br><br>Archer Exteriors, Inc. and Professional Exteriors II, LLC,<br><br>      Crossclaim Defendants. | |

**TO: MATTHEW S. BYZET, ESQ. AND JESSE A. KIRCHNER, ESQ., ATTORNEYS FOR PLAINTIFF, AND CO-DEFENDANTS ARCHER EXTERIORS, INC. AND PROFESSIONAL EXTERIORS II, LLC:**

  Defendant D.R. Horton, Inc. (hereinafter "D.R. Horton" or "Defendant"), subject to its Motions asserted herein, hereby asserts its Crossclaims against Co-Defendants Archer Exteriors, Inc. and Professional Exteriors II, LLC (collectively hereinafter "Subcontractors") and answers the Complaint of Jason Fernandes & Lauren Fernandes, Myk & Cindy Barbero, Keith & Janet Patri, individually, and on behalf of all others similarly situated (hereinafter "Plaintiffs"), as set forth below, by denying each and every allegation not hereinafter specifically admitted, demanding strict proof thereof, and further responds as follows:

## **FOR A FIRST DEFENSE**

1. Each and every allegation contained within Plaintiffs' Complaint not hereinafter specifically admitted, qualified, or explained is denied.

2. Upon information and belief, D.R. Horton admits the allegations contained within Paragraphs 1, 2, 3, 4, 5, 6, and 7 of the Complaint.

3. D.R. Horton denies that this matter is a proper matter for a class action lawsuit as alleged in Paragraph 8 of the Complaint and therefore denies the same.

4. D.R. Horton admits the allegations of Paragraph 9 of the Complaint.

5. D.R. Horton admits so much of the allegations contained in Paragraph 10 of the Complaint that D.R. Horton constructed and sold various residences in the Legacy at Pine Forest subdivision. All remaining allegations contained in Paragraph 10 are denied.

6. Upon information and belief, D.R. Horton admits the allegations contained within Paragraphs 11 and 12 of the Complaint.

7. D.R. Horton lacks sufficient information to admit or deny Paragraphs 13 through 15 of the Complaint and therefore denies the same.

8. D.R. Horton admits the allegations of Paragraph 16 of the Complaint.

9. Paragraphs 17 and 18 of the Complaint call for legal conclusions which can neither be admitted nor denied. To the extent a response is required to these paragraphs, they are denied, and strict proof is demanded.

10. Paragraph 19 of the Complaint is an administrative paragraph to which no response is required. To the extent a response is required, D.R. Horton realleges and reasserts its answers and defenses to the prior allegations of the Complaint.

11. Paragraph 20 of the Complaint calls for legal conclusions which can neither be admitted nor denied. To the extent a response is required to this paragraph, it is denied, and strict proof is demanded.

12. D.R. Horton admits so much of the allegations contained in Paragraphs 21 and 22 of the Complaint that D.R. Horton constructed and sold various residences of the Legacy at Pine Forest subdivision. All remaining allegations contained in Paragraphs 21 and 22 are denied.

13. D.R. Horton admits so much of the allegations contained within Paragraphs 23 and 24 of the Complaint in that the Subcontractors contracted with D.R. Horton to provide labor, design and materials for homes in the Legacy at Pine Forest subdivision. All remaining allegations contained in Paragraphs 23 and 24 are denied.

14. Paragraph 25 of the Complaint is an administrative paragraph to which no response is required.

15. Paragraph 26 of the Complaint calls for legal conclusions which can neither be admitted nor denied. To the extent a response is required to this paragraph, it is denied, and strict proof is demanded.

16. D.R. Horton lacks sufficient information to admit or deny Paragraph 27 of the Complaint and therefore denies the same.

17. D.R. Horton denies the allegations of Paragraphs 28, 29 (including subparts), 30, 31, 32, 33, 34, 35, 36, and 37 of the Complaint.

18. D.R. Horton denies any and all allegations in Paragraphs 38, 39, 40 (including subparts), 41, 42, and 43 of the Complaint and denies that this matter is proper as a class action lawsuit as alleged in Paragraphs 38, 39, 40 (including subparts), 41, 42, and 43 of the Complaint, and therefore denies the same.

19. Paragraph 44 of the Complaint calls for a legal conclusion which can neither be admitted nor denied. To the extent a response is required to this paragraph, it is denied, and strict proof is demanded.

20. D.R. Horton denies that this matter is proper as a class action lawsuit as alleged in Paragraph 45 of the Complaint and therefore denies the same.

21. D.R. Horton denies the allegations of Paragraph 46 of the Complaint.

22. D.R. Horton lacks sufficient information to admit or deny Paragraph 47 of the Complaint and therefore denies the same.

23. Paragraph 48 of the Complaint calls for a legal conclusion which can neither be admitted nor denied. To the extent a response is required to this paragraph, it is denied, and strict proof is demanded.

24. D.R. Horton denies the allegations of Paragraphs 49, 50, and 51 of the Complaint.

25. Paragraphs 52 and 53 of the Complaint call for a legal conclusion which can neither be admitted nor denied. To the extent a response is required to these paragraphs, they are denied, and strict proof is demanded. Further, D.R. Horton denies that this matter is proper as a class action lawsuit as alleged in Paragraphs 52 and 53.

26. D.R. Horton denies any and all allegations in Paragraphs 54 and 55 of the Complaint and denies that this matter is proper as a class action lawsuit as alleged in Paragraphs 54 and 55 of the Complaint, and therefore denies the same.

27. Paragraphs 56 and 57 of the Complaint call for a legal conclusion which can neither be admitted nor denied. To the extent a response is required to these paragraphs, they are denied, and strict proof is demanded. Further, D.R. Horton denies that this matter is proper as a class action lawsuit as alleged in Paragraphs 56 and 57.

28. Paragraph 58 of the Complaint is an administrative paragraph to which no response is required. To the extent a response is required, D.R. Horton realleges and reasserts its answers and defenses to the prior allegations of the Complaint.

29. D.R. Horton admits so much of the allegations contained in Paragraph 59 of the Complaint that D.R. Horton constructed and sold various residences of the Legacy at Pine Forest.

30. Paragraphs 60, and 61 of the Complaint call for a legal conclusion which can neither be admitted nor denied. To the extent a response is required to these paragraphs, they are denied, and strict proof is demanded.

31. D.R. Horton denies the allegations of Paragraphs 62 of the Complaint.

32. Paragraph 63 of the Complaint calls for a legal conclusion which can neither be admitted nor denied. To the extent a response is required to this paragraph, it is denied, and strict proof is demanded.

33. D.R. Horton denies the allegations of Paragraphs 64 of the Complaint.

34. Paragraph 65 of the Complaint calls for a legal conclusion which can neither be admitted nor denied. To the extent a response is required to this paragraph, it is denied, and strict proof is demanded.

35. D.R. Horton denies the allegations of Paragraph 66 of the Complaint and denies that Plaintiff is entitled to any relief as sought in Paragraph 66 of the Complaint.

36. Paragraph 67 of the Complaint is an administrative paragraph to which no response is required. To the extent a response is required, D.R. Horton realleges and reasserts its answers and defenses to the prior allegations of the Complaint.

37. Paragraph 68 of the Complaint calls for a legal conclusion which can neither be admitted nor denied. To the extent a response is required to this paragraph, it is denied, and strict proof is demanded.

38.     D.R. Horton denies the allegations of Paragraphs 69 of the Complaint.

39.     Paragraph 70 of the Complaint calls for a legal conclusion which can neither be admitted nor denied. To the extent a response is required to this paragraph, it is denied, and strict proof is demanded.

40.     D.R. Horton denies the allegations of Paragraphs 71 of the Complaint.

41.     Paragraph 72 of the Complaint calls for a legal conclusion which can neither be admitted nor denied. To the extent a response is required to this paragraph, it is denied, and strict proof is demanded.

42.     D.R. Horton denies the allegations of Paragraphs 73 of the Complaint.

43.     D.R. Horton denies the allegations of Paragraph 74 of the Complaint and denies that Plaintiff is entitled to any relief as sought in Paragraph 74 of the Complaint.

44.     D.R. Horton denies all remaining allegations of the Complaint, including Plaintiffs' Prayer for Relief as set forth in the Paragraph beginning "WHEREFORE" which claims entitlement to actual damages, attorneys' fees, costs, and any other relief and prays that this action against D.R. Horton be dismissed.

**FOR A SECOND DEFENSE**
**(Motion to Dismiss, Alternatively to Stay and Compel Arbitration)**

45.     D.R. Horton moves to dismiss this action pursuant to Rule 12(b)(1) and 12(b)(6), Fed. R. Civ. P., or, alternatively, to stay this action, in whole or in part as Plaintiffs entered into contracts with D.R. Horton regarding the construction of the homes, which are the subject of this suit (hereinafter collectively "Homeowner Contracts"). The Homeowner Contracts contain a binding and enforceable arbitration agreement. Therefore, this Court does not have jurisdiction to hear this matter and/or should stay the case and transfer it for arbitration.

46. Plaintiffs Jason Fernandes & Lauren Fernandes entered into a Homeowner Contract with D.R. Horton, Inc. on or around September 30, 2019, for the purchase of a home located at 620 Kilarney Road, Summerville, South Carolina.

47. Plaintiffs Myk & Cindy Barbero entered into a Homeowner Contract with D.R. Horton, Inc. on or around July 22, 2019, for the purchase of a home located at 516 Kilarney Road, Summerville, South Carolina.

48. Plaintiffs Keith & Janet Patri purchased a home located at 528 Kilarney Road, Summerville, South Carolina from Charles Spence and Samantha Hyatt, who entered into a Homeowner Contract with D.R. Horton, Inc. on or around February 25, 2019.

49. The individual Homeowner Contracts provide for binding arbitration of all disputes between Plaintiffs and D.R. Horton related to the construction of the Homes.

> 15. MANDATORY BINDING ARBITRATION. PURCHASER AND SELLER SHALL SUBMIT TO BINDING ARBITRATION ANY AND ALL DISPUTES WHICH MAY ARISE BETWEEN THEM REGARDING THIS AGREEMENT AND/OR THE PROPERTY, INCLUDING BUT NOT LIMITED TO ANY DISPUTES REGARDING: (A) SELLER'S CONSTRUCTION AND DELIVERY OF THE HOME; (B) SELLER'S PERFORMANCE UNDER ANY PUNCH LIST OR INSPECTION AGREEMENT; AND (C) THE LIMITED WARRANTY PURSUANT TO SECTION 14 ABOVE….

50. Subcontractors entered Independent Contractor Agreements (collectively hereinafter "Agreements") with D.R. Horton to perform certain construction and services numerous homes, including the homes which are the subject of this suit.

51. The Agreements provide for binding arbitration of all disputes between D.R. Horton and Subcontractors related to the construction of numerous homes, including the homes which are the subject of this suit.

> 13.1 Disputes. All disputes, whether existing now or arising in the future between them, related in any way to this Agreement, to Contractor's Work, or to any dispute that Owner or Contractor shall have with any third party related to the Work ("Dispute") shall be subject to Subcontractors Dispute Resolution. These disputes

shall include claims related to the construction or sale of any home or property incorporating the Work, including any claims asserting any alleged defects in the Work or any alleged representations and/or warranties, express or implied, relating to the property and/or the improvements…

## FOR A THIRD DEFENSE
### (Lack of standing)

52. Plaintiffs lack standing to make the claims asserted against D.R. Horton in this action.

## FOR A FOURTH DEFENSE
### (Failure to State a claim or cause of action)

53. Plaintiffs fail to state a claim upon which relief may be granted.

54. Plaintiffs fail to state a cause of action against D.R. Horton.

## FOR A FIFTH DEFENSE
### (Laches, Estoppel, Waiver)

55. That all claims asserted against D.R. Horton are barred by the equitable doctrines of laches, waiver, and/or estoppel.

## FOR A SIXTH DEFENSE
### (Spoliation)

56. Plaintiffs' claims are barred by the doctrine of spoliation of evidence.

## FOR A SEVENTH DEFENSE
### (Unclean Hands)

57. Plaintiffs' claims against D.R. Horton are barred by the doctrine of unclean hands.

## FOR AN EIGHTH DEFENSE
### (Negligence of Others)

58. D.R. Horton alleges that the direct and proximate cause of Plaintiffs' damages, if any, was the negligence, gross negligence, wanton and reckless conduct of some other person or corporation and, accordingly, D.R. Horton is not liable to Plaintiffs.

## FOR A NINTH DEFENSE
### (Comparative Negligence)

59. Plaintiffs' claims and damages, if any, are barred, or should be reduced, by Plaintiffs' own contributory and comparative negligence and recklessness which combined, contributed and concurred with any alleged negligence on the part of the D.R. Horton, if any, which is expressly denied.

**FOR A TENTH DEFENSE**
**(Offset)**

60. D.R. Horton is entitled to offset in the amount of any and all damages recovered by the Plaintiffs from other for the same injuries and/or damages claimed in this suit.

**FOR AN ELEVENTH DEFENSE**
**(Failure to Mitigate Damages)**

61. D.R. Horton alleges that Plaintiffs had an obligation to mitigate damages but failed to do so.

**FOR A TWELFTH DEFENSE**
**(Compliance with Industry Standards)**

62. Any and all materials, work or services provided by D.R. Horton met all relevant industry customs, practices and standards.

**FOR A THIRTEENTH DEFENSE**
**(Acceptance of Work)**

63. That the final completion and acceptance of the work undertaken by D.R. Horton constitutes a complete defense to all claims asserted by Plaintiffs.

**FOR A FOURTEENTH DEFENSE**
**(Proximate Cause)**

64. Even if D.R. Horton were negligent or in breach, D.R. Horton alleges that Plaintiffs' claims are barred due to the lack of proximate cause between Plaintiff's alleged damages and the alleged actions/inactions of D.R. Horton.

**FOR A FIFTEENTH DEFENSE**
**(Scope of Work)**

65.     D.R. Horton's obligations to Plaintiffs are limited to the services provided pursuant to D.R. Horton's scope of work; therefore, to the extent that any of Plaintiffs' claims include allegations against D.R. Horton that are outside the scope of services and work performed by D.R. Horton, those claims are barred.

**FOR A SIXTEENTH DEFENSE**
**(Limitation of Warranty)**

66.     Plaintiffs' claims are, upon information and belief, barred as they failed to make a claim against D.R. Horton within the applicable, implied and express warranty period and would be reduced to the extent that D.R. Horton provided a warranty which was in lieu of all other warranties.

**FOR A SEVENTEENTH DEFENSE**
**(Intervening/Superseding Cause)**

67.     D.R. Horton asserts that even if it was negligent or reckless in any respect, which is expressly denied, it is not liable to Plaintiffs for any resulting damages, if any, because of the intervening negligent, grossly negligent, reckless, willful, and wanton acts of third parties, including those parties whose identities are unknown at the present time, which negligent and reckless acts on their part were not reasonably foreseeable, and intervened and acted as the direct and proximate cause of the damages, if any, sustained by Plaintiffs.

68.     D.R. Horton asserts that the intervening acts of a third party or parties were the sole and proximate cause of injuries to Plaintiffs and the action should be dismissed.

**FOR AN EIGHTEENTH DEFENSE**
**(Legal Duty)**

69.     D.R. Horton owed no legal duty as a matter of law to the Plaintiffs.

**FOR A NINETEENTH DEFENSE**
**(Statute of Limitations and Repose)**

70. D.R. Horton allege that the Plaintiffs' claims are barred by the applicable Statute of Limitations and Statute of Repose.

**FOR A TWENTIETH DEFENSE**
**(Punitive Damages)**

71. D.R. Horton would show that if the Plaintiffs are making any claim for punitive damages, which are inappropriate, such violates the due process and equal protection laws of the United States Constitution and the Constitution of the State of South Carolina.

72. Punitive damages are inappropriate in this case, as a matter of law and also because the D.R. Horton did not engage in any malicious, reckless, wrongful, or intentional conduct upon which an award of punitive damages would be based.

73. D.R. Horton would show that any award of punitive damages, which D.R. Horton deny is appropriate, is subject to the limitations set forth in South Carolina Code §15-32-530.

**FOR A TWENTY- FIRST DEFENSE**
**(Workmanlike Manner)**

74. D.R. Horton asserts that all work performed was done in a workmanlike manner and therefore no breach of warranty may exist.

**FOR A TWENTY- SECOND DEFENSE**
**(Disclaimer of Warranty)**

75. The Contracts disclaim any implied warranties made by D.R. Horton. Therefore, Plaintiffs may not maintain any claims relating and/or referring to an implied warranty.

**FOR A TWENTY-THIRD DEFENSE**
**(Failure to comply with conditions precedent)**

76. D.R. Horton asserts that Plaintiffs failed and refused to comply with the contractual conditions' precedent to this action.

## FOR A TWENTY-FOURTH DEFENSE
### (Economic loss rule)

77. D.R. Horton asserts the Economic Loss Rule as a complete and total bar to all of Plaintiffs' extra-contractual causes of action.

## FOR A TWENTY-FIFTH DEFENSE
### (Motion to Stay)

78. Plaintiffs have not complied with the South Carolina Notice and Opportunity to Cure Construction Dwelling Defects Act. S.C. Code Ann §37-5-110, et seq., which is a prerequisite to filing any action against D.R. Horton in this matter.

79. D.R. Horton is entitled to an order staying this matter.

## FOR A TWENTY-SIXTH DEFENSE
### (Additional Affirmative Defenses)

80. D.R. Horton hereby gives notice that it intends to rely on such other affirmative defenses pled by other defendants in this matter and as may become available or apparent during the course of discovery, and thus reserves the right to amend its Answer to assert such defenses.

## FURTHER ANSWERING THE COMPLAINT AND BY WAY OF CROSSCLAIMS AGAINST ARCHER EXTERIORS, INC. AND PROFESSIONAL EXTERIORS II, LLC

81. D.R Horton herein realleges its answers and defenses to the above Complaint in the preceding paragraphs as if fully set forth herein.

82. D.R. Horton individually contracted with Subcontractors to provide certain labor and/or supply certain materials (hereinafter the "Work") concerning the homes which are the subject of Plaintiffs' lawsuit (the "Homes").

83. Subcontractors entered into individual Agreements with D.R. Horton, as referred to directly above, to perform the Work.

84. Subcontractors agreed to perform the Work in a good and workmanlike manner.

85. Subcontractors were aware of the need and the importance of constructing the Homes in accordance with construction plans, contract requirements, industry standards, and/or building code requirements so as to avoid construction defects.

86. D.R. Horton contracted with Subcontractors to perform their Work on the project. Subcontractors' Work on the project for D.R. Horton gave rise to contractual and common law duties in tort and/or warranty. D.R. Horton was recently made aware that Subcontractors' Work on the project may be defective. If Subcontractors' Work was defective, Subcontractors breached their contractual and common law duties to D.R. Horton and caused it damages at the time they performed their work. Subcontractors' allegedly deficient work gave rise to causes of action in favor of D.R. Horton against Subcontractors at the time the work was performed and caused D.R. Horton damages, which may not become apparent for years. Those damages include extra workload, repair or repair costs of the defective work, previously unknown breaches of D.R. Horton's common law duties, express and implied warranties, and contractual relationships with other parties, costs of investigation, damage, and harm to reputation, and potentially attorneys' fees and litigation costs incurred due to Subcontractors' defective, latent, and previously unknown errors.

87. Plaintiff, and others similarly situated, have filed a Complaint against D.R. Horton and Subcontractors seeking damages related to the construction and workmanship of the Homes, alleging that the Homes have been constructed defectively.

88. Upon information and belief, the Complaint implicates Subcontractors' Work.

89. Plaintiffs' allegations contend that Subcontractors were grossly negligent, failed to meet the requirements of the Agreements, including failing to construct the Homes, in accordance with construction documents, contract requirements, industry standards, and/or building code requirements so as to avoid construction defects.

90. Upon information and belief, the Agreements between D.R. Horton and Subcontractors contains an indemnification clause, wherein Subcontractors agreed to indemnify D.R. Horton for the Work.

91. D.R. Horton has fully satisfied and performed all requirements associated with Agreements with Subcontractors.

92. Although D.R. Horton is without fault, by virtue of the alleged acts and omissions of the Subcontractors, D.R. Horton has been subjected to damages including, but not limited to, extra workload, repair or repair costs of the defective work, previously unknown breaches of D.R. Horton's common law duties, express and implied warranties, and contractual relationships with other parties, costs of investigation, damage and harm to reputation, and potentially attorneys' fees and litigation costs incurred due to Subcontractors' defective, latent, and previously unknown errors.

**FOR A FIRST CAUSE OF ACTION**
**(Contractual Indemnification as to Subcontractors)**

93. D.R. Horton re-alleges the foregoing paragraphs consistent with this cause of action as if fully restated verbatim herein.

94. Plaintiffs, individually, and on behalf of all others similarly situated, have sued D.R. Horton and Subcontractors claiming damages related to construction work alleged to have been performed by Subcontractors.

95. Subcontractors contracted with D.R. Horton to perform certain construction services on the Homes.

96. Plaintiffs have alleged that certain deficiencies in the work of Subcontractors have caused the damage to the Plaintiffs.

97. D.R. Horton is informed and believes that if, in fact, Plaintiffs, individually, and on behalf of all others similarly situated, are correct regarding the allegations of the Complaint, that the defects, if any, are the result of the wrongful acts, breach of warranties, omissions, negligence, gross negligence, and/or representations of Subcontractors, all of which are contrary to the statutory and common laws of the State of South Carolina.

98. As D.R. Horton has suffered damages, including but not limited to, any future adjudication of liability to Plaintiffs, individually, and on behalf of all others similarly situated, in this action, such liability would be the direct and proximate result of the wrongful acts, errors, and/or omissions, negligence and/or gross negligence of Subcontractors, which have damaged D.R. Horton as set forth more fully above.

99. Pursuant the Agreements with D.R. Horton, Subcontractors agreed to indemnify D.R. Horton from damages arising out of Subcontractors' Work on the Homes.

100. D.R. Horton is entitled to a judgment for full contractual indemnification from Subcontractors, and D.R. Horton would be entitled to damages for the acts, errors, and/or omissions, breach of warranties, breach of contract, negligence and/or gross negligence of Subcontractors, as described hereinabove, entitling D.R. Horton to recover from Subcontractors its damages as set forth above.

101. The alleged acts or omissions of Subcontractors are the independent, active, primary, superseding, and/or intervening cause of damages allegedly suffered by Plaintiffs, and the cause of D.R. Horton's separate and distinct damages set forth above and any wrongful acts or omissions by D.R. Horton, which are expressly denied, were passive and secondary only.

## FOR A SECOND CAUSE OF ACTION
### (Equitable Indemnification as to Subcontractors)

102. D.R. Horton repeats and re-alleges the allegations contained in the preceding paragraph as if fully set forth herein.

103. Plaintiffs, individually, and on behalf of all others similarly situated, have sued D.R. Horton and Subcontractors claiming damages related to the Homes throughout several counties in South Carolina and such claims include allegations based upon Subcontractors' Work.

104. D.R. Horton has denied all substantive allegations against it that were made by Plaintiffs.

105. A sufficient special relationship exists between D.R. Horton and Subcontractors, such that D.R. Horton could be held liable for Subcontractors' Work and/or errors without any error by it.

106. D.R. Horton is informed and believes that if, in fact, , Plaintiffs, individually, and on behalf of all others similarly situated, are correct regarding the allegations of the Complaint, that the allegations are the result of the wrongful acts, omissions, breach of contract, breach of warranty, negligence, gross negligence, and/or representations of Subcontractors, all of which are contrary to the statutory and common laws of the State of South Carolina.

107. As D.R. Horton has suffered damages, including but not limited to, any future adjudication of liability to Plaintiffs, individually, and on behalf of all others similarly situated, in this action, such liability would be the direct and proximate result of the wrongful acts, errors, and/or omissions, negligence and/or gross negligence of Subcontractors, which have damaged D.R. Horton as set forth more fully above. To the extent, if any, that D.R. Horton is held liable to Plaintiff in this action, the alleged acts or omissions of Subcontractors are the independent, active, primary, superseding, and/or intervening cause of damages allegedly suffered by Plaintiff, and any

wrongful acts or omissions by D.R. Horton, which are expressly denied, were passive and secondary only.

108. D.R. Horton is entitled to a judgment for full common law indemnification from Subcontractors for all damages, as set forth above, including any liability D.R. Horton could be found to have to Plaintiffs in this action, and D.R. Horton would be entitled to damages for the acts, errors, and/or omissions, negligence and/or gross negligence of Subcontractors as described above, entitling D.R. Horton to recover from Subcontractors, damages including, but not limited to, extra workload, repair or repair costs of the defective work, previously unknown breaches of D.R. Horton's common law duties, express and implied warranties, and contractual relationships with other parties, costs of investigation, damage and harm to reputation, and potentially attorneys' fees and litigation costs incurred due to Subcontractors' defective, latent, and previously unknown errors.

**FOR A THIRD CAUSE OF ACTION**
**(Breach of Contract as to Subcontractors)**

109. D.R. Horton repeats and re-alleges the allegations contained in the preceding paragraph as if fully set forth herein.

110. Subcontractors were contractually responsible for executing the requirements in the Agreement correctly.

111. To the extent that Plaintiffs prove that the Work was not performed correctly, Subcontractors materially breached their Agreements with D.R. Horton in failing to construct the Homes in accordance with contract requirements, industry standards, and/or building code requirements so as to avoid construction defects.

112. D.R. Horton is entitled to judgment against Subcontractors for breach of contract plus costs, expenses, attorneys' fees, and other damages associated therewith.

**FOR A FOURTH CAUSE OF ACTION**
**(Breach of Express Warranties as to Subcontractors)**

113. D.R. Horton repeats and re-alleges the allegations contained in the preceding paragraph as if fully set forth herein.

114. Subcontractors made express warranties that any materials, installation, and workmanship that they performed at the Homes, were proper as required by the Agreements, applicable building codes, and industry standards.

115. If the materials, installation, and/or workmanship were not in accordance with contract requirements, industry standards, and/or building code requirements, then Subcontractors have materially breached their express warranties.

116. D.R. Horton is entitled to judgment against Subcontractors for breach of express warranties, along with costs, expenses, attorneys' fees, and other damages associated therewith.

**FOR A FIFTH CAUSE OF ACTION**
**(Breach of Implied Warranties as to Subcontractors)**

117. D.R. Horton repeats and re-alleges the allegations contained in the preceding paragraph as if fully set forth herein.

118. Subcontractors implicitly warranted that any materials, installation, and workmanship they performed at the Homes, were proper as required by the Agreements, applicable building codes, common law, warranty of workmanlike service, and industry standards.

119. If the materials, installation, and/or workmanship were not in accordance with contract requirements, construction plans, industry standards, and/or building code requirements, then Subcontractors have materially breached their express warranties.

120. D.R. Horton is entitled to judgment against Subcontractors for breach of implied warranties, along with costs, expenses, attorneys' fees, and other damages set forth above.

## FOR A SIXTH CAUSE OF ACTION
### (Negligence/Gross Negligence/Recklessness as to Subcontractors)

121.  D.R. Horton repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

122.  Upon information and belief, Subcontractors owed a duty to use due care in ensuring that proper levels of workmanship were achieved under the terms of the Agreements.

123.  If due care was not used in ensuring proper levels of workmanship were achieved, then Subcontractors breached that duty of care by failing to ensure that proper levels of workmanship were achieved pursuant to the requirements under their Agreements with D.R. Horton.

124.  D.R. Horton has been damaged as a direct and foreseeable and proximate result of Subcontractors' negligence/gross negligence/recklessness, and D.R. Horton is entitled to judgment against Subcontractors for its damages, including costs, expense, attorneys' fees, and other damages set forth above.

WHEREFORE, D.R. Horton prays for:

(a) Having fully answered the allegations of the Complaint, dismissal of the Complaint and all causes of action contained therein, with prejudice, and an award to D.R. Horton, Inc of its attorney fees, costs, and other expenses incurred in defending this action;

(b) On D.R. Horton's First Cause of Action, judgment in favor of D.R. Horton and against Subcontractors in the amount of any liability D.R. Horton is found to have to the Plaintiffs in this action and requiring Subcontractors to defend and indemnify D.R. Horton against any liability which D.R. Horton may be liable for and for any costs, losses, or damages D.R. Horton may incur as it relates to the Plaintiffs in this action, to include D.R. Horton's attorneys' fees, costs, and any and all other expenses incurred in defending this action;

(c) On D.R. Horton's Second Cause of Action, judgment in favor of D.R. Horton and against Subcontractors in the amount of any liability D.R. Horton is found to have to the Plaintiffs in this action and requiring Subcontractors to defend and indemnify D.R. Horton against any liability which D.R. Horton may be liable for and for any costs, losses, or damages D.R. Horton may incur as it relates to the Plaintiffs in this

(c) action, to include D.R. Horton's attorneys' fees, costs, and any and all other expenses incurred in defending this action;

(d) On D.R. Horton's Third and Fourth Causes of Action, judgment for D.R. Horton and against Subcontractors in an amount to be determined at trial;

(e) On D.R. Horton's Fifth Cause of Action, judgment for D.R. Horton and against Subcontractors in an amount to be determined at trial;

(f) On D.R. Horton's Sixth Cause of Action, judgment for D.R. Horton and against Subcontractors awarding actual, special, consequential and punitive damages in an amount to be determined at trial;

(g) Attorneys' fees;

(h) Costs of this action; and

(i) Such other and further relief that this Court deems just and proper.

**KENISON, DUDLEY & CRAWFORD, LLC**

s/David L. Paavola
John T. Crawford, Jr. (Fed. Bar # 9066)
Jason Imhoff (Fed. Bar #7874)
Kimila L. Wooten (Fed. Bar # 5525)
David L. Paavola (Fed. Bar #11713)
Amelia M. Farmer (Fed. Bar #13891)
KENISON, DUDLEY & CRAWFORD, LLC
325 W McBee Ave, Suite 301
Greenville, SC 29601
Telephone: (864) 242-4899
Facsimile: (864) 242-4844
crawford@conlaw.com
imhoff@conlaw.com
wooten@conlaw.com
paavola@conlaw.com
farmer@conlaw.com
*Counsel for D.R. Horton, Inc.*

July 18, 2024
Greenville, South Carolina